**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4504**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM M. STANLEY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-04-38)

---

Submitted: October 26, 2005      Decided: November 15, 2005

---

Before KING, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Zelda Elizabeth Wesley, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William M. Stanley appeals the district court's order sentencing him to 120 months' imprisonment following his guilty plea to a single count of dealing in explosive materials without a license, in violation of 18 U.S.C. §§ 842, 844 (2000). The Government has moved to dismiss the appeal on the basis of a waiver of appellate rights contained in its plea agreement with Stanley. Stanley's brief has been filed pursuant to Anders v. California, 386 U.S. 738 (1967), and counsel for Stanley claims the district court erred in accepting Stanley's plea and imposing sentence.

Addressing the Government's motion first, this court's interpretation of Stanley's plea agreement is guided by contract law. United States v. McQueen, 108 F.3d 64, 66 (4th Cir. 1997). In the instant matter, the waiver provision applies only to a challenge to Stanley's sentence: "the defendant knowingly waives the right to appeal any sentence . . . on the grounds set forth in Title 18, United States Code, Section 3742." (J.A. at 9). Although we conclude the waiver is enforceable to the extent Stanley seeks to challenge his sentence, it does not preclude Stanley from appealing his conviction. Accordingly, we grant the Government's motion as it applies to Stanley's appeal of his sentence and deny it as to Stanley's challenge to his conviction.

Turning to Stanley's claim regarding the voluntariness of his plea, we have reviewed the transcript of the plea hearing and

have found no error.  Because Stanley's plea was knowingly and voluntarily entered, the district court did not err in accepting Stanley's plea.  Accordingly, we find no error in Stanley's conviction.

Finding no meritorious issues upon our review of the record, we affirm Stanley's conviction and dismiss the portion of his appeal relating to his sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>

- 3 -